UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASMINE JEFFRIES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. 4:14CV1652 RLW |
| | ) |
| ANGELA MESMER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Jasmine Jeffries for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254. The Petition is fully briefed and ready for disposition.

### I. Procedural History

Petitioner Jasmine Jeffries is currently incarcerated at the Women's Eastern Reception,

Diagnostic and Correctional Center located in Vandalia, Missouri, pursuant to the judgment and

sentence of the Circuit Court of the City of St. Louis, Missouri. (Resp't's Ex. B pp. 10-13, ECF

No. 5-2) Petitioner pleaded guilty to one count of Assault in the First Degree, and on September

2, 2011, the trial court sentenced her to 15 years' incarceration. (*Id.* at pp. 10-34) Petitioner did

not file a direct appeal from her conviction.

On November 3, 2011, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct

Judgment or Sentence pursuant to Missouri Supreme Court Rule 24.035. (*Id.* at pp. 61-72)

Appointed counsel filed an amended post-conviction motion on or about February 14, 2012,

alleging, *inter alia*, that counsel failed to adequately advise petitioner about the dangers of dual

representation or otherwise obtain consent to the dual representation. (*Id.* at pp. 78-106) On

July 19, 2012, the motion court denied Petitioner's motion for Rule 24.035 post-conviction relief. (*Id.* at pp. 108-23)

On post-conviction appeal, Petitioner alleged that plea counsel was ineffective for failing to adequately advise Petitioner about the dangers of dual representation and thus failed to obtain informed consent to the dual representation. (Resp't's Ex. C, ECF No. 5-3)  On September 17, 2013, the Missouri Court of Appeals affirmed the motion court's judgment denying Petitioner's Rule 24.035 motion for post-conviction relief. (Resp't's Ex. E, ECF No. 5-5)  The Missouri Court of Appeals issued its mandate on October 10, 2013. (*Id.* at pp. 15-16)

On September 23, 2014, Petitioner filed the present petition for habeas relief in federal court. (ECF No. 1)  The record shows that Petitioner mailed the petition on September 15, 2014. (ECF No. 1 p. 14)  Petitioner alleges one ground in her petition, that trial counsel was ineffective due to a conflict of interest in representing both Petitioner and a co-defendant/witness.

## II. Discussion

Respondent asserts that Petitioner's habeas petition is untimely and that Petitioner has failed to demonstrate that equitable tolling is warranted.  Thus, Respondent argues that the Court must dismiss the petition as untimely.  Petitioner claims that the statute of limitation should not apply because she followed all the correct procedures and does not understand the legal system.

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for state prisoners to file federal habeas corpus petitions." *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)).  This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled for "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). However, "'the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'" *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)).

Here, Respondent asserts that, because Petitioner did not file a direct appeal, her time for filing a habeas petition began to run ten days after her conviction. *See Gonzales v. Thaler*, 565 U.S. 134, 150 (2012) (holding for petitioners who do not pursue direct review, "the judgment becomes final . . . when the time for pursuing direct review . . . in state court, expires"). Under Missouri law, a conviction becomes final on the date of sentencing. *Rodgers v. Steele*, No. 4:13CV2000 HEA, 2017 WL 445659, at *3 (E.D. Mo. Feb. 2, 2017) (citation omitted). "Upon entry of a sentence, a party has ten days to file a notice of appeal." *Id.* (citing Missouri Supreme Court Rules 30.01, 30.03, 81.04).

Petitioner's sentencing date was September 2, 2011. Petitioner did not file a direct appeal. Therefore, her time for pursuing direct review expired ten days later on September 12, 2011, and the one-year statute of limitations under the AEDPA began to run. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date than an application for state post-conviction relief is filed counts against the one-year period."). Petitioner filed her *pro se* motion for post-conviction relief 52 days later on November 3, 2011, tolling the limitation period. Petitioner then had 314 days remaining to file her habeas petition. The Missouri Court of Appeals issued its Mandate affirming the denial of Petitioner's Rule 24.035 motion on October 10, 2013. Thus, Petitioner's habeas petition was due August 20, 2014. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir.

3

2006) ("Under Missouri state court procedures, [petitioner's] post-conviction relief proceedings were not final until the issuance of the mandate . . . .").

However, Petitioner did not mail her habeas petition until September 15, 2014, 26 days after the petition was due. Thus, the Court finds that the Petition for Writ of Habeas Corpus is untimely. *See Taylor v. Wallace*, No. 4:13CV2197 SNLJ(ACL), 2017 WL 650599, at *3 (E.D. Mo. Jan. 11, 2017) (finding habeas petition untimely where petitioner did not file a direct appeal, causing the statute of limitations to run 10 days later; the motion for post-conviction relief tolled the limitations period until the issuance of the mandate; and petitioner filed his federal habeas petition four months past the time limit under the AEDPA).

The Court notes that in some instances, the time period set forth in 28 U.S.C. § 2241(d)(1) can be subject to equitable tolling. "Under the doctrine of equitable tolling, § 2244(d)'s statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Id.* (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)). Here, Petitioner asserts in her Petition that the statute of limitations should not apply to her because she does not know a lot about the legal system. (ECF No. 1 p. 13) However, "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). The Court therefore finds that equitable tolling is not justified in this case, and the Court will dismiss the petition as untimely.

## III. Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Court provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "In order to obtain a certificate of appealability on a claim

4

that the district court denied on procedural grounds, [Petitioner] must demonstrate both 'that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. The Court finds that Petitioner's federal habeas petition is clearly time-barred under the ADEPA, and no reasonable jurist could find the petition was timely filed. Therefore, no certificate of appealibility will issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Jasmine Jeffries for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. A separate judgment in accordance with this Memorandum and Order is entered on this same date.

Dated this 25th day of July, 2017.

_____

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

5